**In re RAMSEY, MINOR CHILDREN.**

[Cite as *In re Ramsey Children* (1995), 102 Ohio App.3d 168.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 94–CA–0247.

Decided March 27, 1995.

*David Rudebock,* for appellee

*April R. Bible,* for appellant.

GWIN, Presiding Judge.

Norma Miller, the natural mother of Randy, Mandy and Eve Ramsey, minor children, appeals from the judgment entered in the Stark County Court of Common Pleas, Juvenile Division, that sustained the motion of the Stark County Department of Human Services ("DHS") to place the three children into long-term foster care. Appellant assigns as error:

STATEMENT OF ASSIGNMENT OF ERRORS

"I. Appellant was denied her right to counsel at the shelter care and adjudicatory hearings in violation of O.R.C. Section 2151.352."

"II. The trial court erred in denying appellant an evidentiary hearing of the Stark County Department of Human Services' request for long-term foster care."

This cause has been before us on a prior occasion, when the trial court granted long-term foster care of these children to DHS. This court, in the case of *In re Ramsey Children* (November 22, 1993), Stark App. No. CA–9341, unreported, 1993 WL 500464, reversed and remanded the cause to the trial court because we found that the trial court lacked jurisdiction over the matter. In this prior case, appellant was represented by the Stark County Public Defender's Office.

On remand, the original case was dismissed and a second complaint was filed, alleging that the children were abused and requesting long-term foster care. On March 30, 1994, the children were found to be abused at an adjudicatory hearing at which the mother was not present because she was incarcerated. The public defender's office had not entered an appearance in this case and was not notified of the hearing. The public defender also did not appear at the adjudicatory hearing, although counsel for DHS informed the court that the public defender's office had represented appellant in the previous case. Appellant filed a motion to vacate the finding of abuse, but that motion was overruled.

On May 25, 1994, the dispositional hearing was held before a referee. DHS submitted three written reports from the children's therapists, who were not present at the hearing. Over appellant's objection, the referee permitted the social worker from DHS to address the court without placing her under oath. Appellant raised this issue in her objection to the referee's report, but the trial court overruled it.

I

■ R.C. 2151.352 grants the parents of any alleged abused, neglected or dependent child the right to be represented by counsel, and to have appointed counsel if the parent is indigent. Any attorney representing the parents is to be given reasonable notice of the hearing. Appellant asserts that she was denied her right to counsel because the Stark County Public Defender was not notified of the shelter-care hearing or the adjudicatory hearing.

DHS points out that appellant was served by certified mail with a copy of the complaint, and argues that she failed to contact the public defender's office to ask that they represent her in this new case. The record indicates that she did not make contact with the public defender's office until the children had been adjudicated abused.

We find that appellant was not denied her statutory right to counsel here, but was notified of her rights and did not pursue them.

The first assignment of error is overruled.

## II

R.C. 2151.35(B)(2) states:

"(2) The dispositional hearing shall be conducted in accordance with all of the following:

"(a) The judge or referee who presided at the adjudicatory hearing shall preside, if possible, at the dispositional hearing;

"(b) The court may admit any evidence that is material and relevant, including but not limited to, hearsay, opinion, and documentary evidence;

"(c) Medical examiners and each investigator who prepared a social history shall not be cross-examined, except upon consent of the parties, for good cause shown, or as the court in its discretion may direct. Any party may offer evidence supplementing, explaining, or disputing any information contained in the social history or other reports that may be used by the court in determining disposition."

Counsel for appellant objected to the informal nature of the proceedings, the submission of the reports, testimony, and the failure to place witnesses under oath. Her objection to the referee's report was also based on the denial of an evidentiary hearing.

R.C. 2151.35(A) and Juv.R. 27 permit a juvenile court to conduct a dispositional hearing in an informal manner. R.C. 2151.35(B)(2)(b) and Juv.R. 34(B) permit the trial court to admit evidence that is material and relevant, including hearsay, opinion, and documentary evidence. The trial court may at its discretion prohibit cross-examination of medical examiners and investigators.

The Court of Appeals for Cuyahoga County was called upon recently to review a situation similar to the one at bar in the case of *In re Fleming, a Minor* (July 22, 1993), Cuyahoga App. No. 63911, unreported, 1993 WL 277186. The Cuyahoga County Court of Appeals found that although a hearing may be informal, nevertheless the governing statues and rules require that evidence be presented. The Cuyahoga County Court of Appeals reviewed Black's Law Dictionary, Evid.R. 101(A), Evid.R. 603, and R.C. 2317.30. The court of appeals concluded that despite the informality of the hearing, the use of the word "evidence" contemplates sworn testimony. We agree that this conclusion is inescapable. If a court intends to rely on a witness's testimony, that testimony must be sworn.

In its later case of *In re Keller* (Dec. 8, 1994), Cuyahoga App. No. 66451, unreported, 1994 WL 695338, the court noted that a failure to object to the omission of an oath prior to the testimony of a witness precludes any claim of error, citing *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 70 O.O.2d 123, 322 N.E.2d 629. Here, appellant objected before the referee and before the trial court to the lack of evidentiary quality testimony.

In our recent case of *In re Woolf, a Dependent Child* (May 23, 1994), Stark App. No. CA–9545, unreported, 1994 WL 249945, this court considered a mother's motion to review a grant of long-term foster care placement. In *Woolf,* we found that although the trial court had the right to make a specific dispositional order, nevertheless it must do so with the benefit of sufficient evidence. In *Woolf,* we found that the trial court abused its discretion in ordering the placement because it did not first take testimony of an evidentiary nature, that is, sworn testimony.

A trial court makes its findings on the dispositional hearing by clear and convincing evidence regarding the best interest of the child. The court must have "evidence" before it can make conclusions regarding the weight of that evidence.

Finally, this court is concerned about the quality of appellate review where the trial court accepts unsworn statements from various persons before it makes decisions regarding the long-term foster care of a child, with all the implications that holds for parents. The placing of witnesses under oath is simple, and not burdensome, and provides the parties concerned, the juvenile court, and any reviewing court with a very basic safeguard.

The second assignment of error is sustained.

For the foregoing reasons, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is reversed, and the cause is remanded to that court for further proceedings, including a new dispositional hearing in accord with Ohio law and with this opinion.

*Judgment reversed*
*and cause remanded.*

WILLIAM B. HOFFMAN and FARMER, JJ. concur.