OPINION
This is an accelerated calendar appeal. Raymond Fox ("appellant") appeals a December 27, 1999 judgment entry by the Juvenile Division of the Portage County Court of Common Pleas, sentencing appellant to a minimum of one year at the Ohio Department of Youth Services ("ODYS").
On January 18, 1999, the Windham Police Department filed a complaint against appellant, fifteen years of age, charging appellant with one count of delinquency by reason of rape, a violation of R.C. 2907.02(A), a felony of the first degree if committed by an adult.[1] The complaint alleged that appellant engaged in sexual conduct with his six year old female cousin in September 1998.[2]
On April 13, 1999, appellant initially appeared for a hearing to address the charge. At the onset of the hearing, the juvenile court informed appellant that delinquency by reason of rape is a felony of the first degree and that it carries the maximum penalty in the juvenile justice system. The court described the maximum penalty and asked appellant if he understood the charge and the potential penalty. Appellant replied in the affirmative. Subsequently, appellant stated, "I wish to Admit, your Honor." The trial court informed appellant that before accepting his plea, his rights must be explained. Following the explanation, the court asked appellant if he understood what he was giving up. Appellant again replied in the affirmative and stated, "I wish to Admit."
The trial court accepted appellant's plea, finding appellant to be a delinquent child. Appellant was sentenced to a minimum of one year at ODYS; however, the trial court suspended this sentence on the condition that appellant would be placed on probation for one year and would successfully complete the sex offender treatment program at Lincoln Place. The court informed appellant that if these conditions were violated, appellant's suspended sentence would be revoked. Appellant did not appeal this April 13, 1999 proceeding.
In November 1999, seven months later, written reports were filed by the Portage County Juvenile Court Probation Department, the Portage County Department of Human Services, and Lincoln Place requesting the juvenile court to review its previous dispositional order.
Specifically, appellant's probation officer reported that appellant failed to show signs of progress, that appellant exhibited signs of behavioral problems, and that appellant had an extremely poor attitude regarding his therapy. Similarly, the report by a Portage County Human Services social worker indicated that appellant was not motivated to make further progress, that appellant's aggressive behavior appeared to be on the increase, and that his therapy had "deteriorated into a game of cat and mouse between he [sic] and his therapist." Additionally, the Lincoln Place director stated that appellant had made minimal progress, that appellant displayed minimal motivation in addressing his past sexual offending conduct, and that appellant indicated a lack of empathy.
On December 13, 1999, a dispositional review hearing was held to determine whether appellant violated the conditions of his suspended sentence. The prosecutor, appellant's probation officer, and appellant's social worker recommended revoking appellant's suspended sentence, whereby appellant would be in the custody of ODYS. Representatives from Lincoln Place, Rex Dell, clinical supervisor of the sex offender program, and Tony Frengel, appellant's therapist, testified. Prior to Mr. Dell's testimony, appellant's counsel attempted to object for two reasons; however, the court overruled stating that this was a dispositional hearing in which the rules do not allow cross-examination. Mr. Dell and Mr. Frengel testified that appellant showed minimal motivation and progress in his treatment and that it was unlikely that he could successfully complete the program. Mr. Frengel described various incidents of assaults and threats by appellant towards the staff and other residents at Lincoln Place. Mr. Frengel also added that appellant failed to disclose the number of victims that he sexually assaulted, which hindered his development of empathy. Throughout the testimony of Mr. Dell and Mr. Frengel, the court interjected with questions.
Upon taking an oath, on direct examination, appellant testified that he feared being placed in ODYS and that he wished for another chance. The state conducted a cross-examination during which appellant testified that he had not been truthful with Mr. Frengel during therapy. Appellant acknowledged that he acted aggressively with the staff and that some altercations with the other residents were started by him; however, appellant denied hitting anyone first. Appellant also acknowledged that he had been disrespectful to people at Lincoln Place and that he had not been truthful about disclosing his victims because he did not want to think about what he did.
The court conducted its own examination of appellant. Appellant testified that he was aware of the consequences if he did not successfully complete the treatment program. Appellant also stated that he was scared of the truth and that his father sexually abused him; therefore, the treatment program was very difficult for him.
In a judgment entry filed on December 27, 1999, the trial court stated that appellant failed to complete the sex offender program while at Lincoln Place; thus, appellant violated the terms of his suspended sentence. The court stated that, in appellant's best interest, appellant would be sentenced to a minimum of one year at ODYS, but not to exceed his twenty-first birthday.[3] Appellant timely appeals this December 27, 1999 judgment entry. Appellant asserts the following assignment of error:
"The appellant was denied his due process rights."
 Appellant asserts that he was denied due process on four separate occasions. First, during the April 13, 1999 hearing, appellant argues that before accepting his plea, the court failed to advise him that he had a right to compel or subpoena witnesses to testify in his defense. Appellant contends that the court did not have to use the exact words compel or subpoena; however, the court should have explained the compulsory process in a "manner reasonably intelligible to defendant."[4]
Second, appellant contends that, during the April 13, 1999 hearing, the trial court should not have accepted his plea because he could not have understood the nature of the charge once the prosecutor stated "there is no information that leads me to believe that there was force. I believe that this was more of a kind of play type situation. * * *" Appellant also asserts that the trial court described the nature of his charge only after he admitted to it.
Third, appellant argues that, during the December 13, 1999 dispositional hearing, the trial court erred in not allowing the cross-examination of Mr. Dell and Mr. Frengel. Appellant contends that Juv.R. 34 does not apply to dispositional hearings where a child is adjudicated a delinquent; rather, Juv.R. 34 concerns dispositional hearings where a child has been adjudicated as abused, neglected, or dependent. Appellant also states that Juv.R. 32 would have been more applicable in this case because it applies to delinquency cases, and nothing in Juv.R. 32 prohibits cross-examination.
Finally, appellant argues that, during the December 13, 1999 dispositional hearing, neither representative from Lincoln Place gave sworn testimony regarding his treatment progress.
We begin with appellant's first two arguments concerning the April 13, 1999 hearing. The record reveals that the appeal before this court stems from the December 27, 1999 entry filed by the trial court, which found appellant in violation of his suspended sentence. Appellant did not
appeal the April 13, 1999 proceeding. Accordingly, we may only address those arguments properly before us. Hence, appellant's first and second arguments are dismissed.
Appellant's third argument claims that Juv.R. 34 is not applicable in a dispositional hearing, pertaining to a child who has been adjudicated a delinquent; rather, Juv.R. 32 applies. For the reasons stated below, we disagree.
Upon review of a juvenile court proceeding, a trial court's imposition of sentence will not be disturbed absent an abuse of discretion. In reBracewell (1998), 126 Ohio App.3d 133 , syllabus; In re Ravenna T. (Aug. 1, 1997), Lucas App. No. L-96-371, unreported, at 3; In re Williams
(Oct. 25, 1995), Montgomery App. No. 15152, unreported. Abuse of discretion implies the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. However, a court of review is not free to substitute its judgment for that of a trial court. In re Jane Doe (1991), 57 Ohio St.3d 135, 138
(citing Berk v. Matthews [1990], 53 Ohio St.3d 161, 169.) A trial court is in the best position to weigh the credibility of the testimony by observing the witnesses' demeanor and voice inflections. Jane Doe at 138 (citing Seasons Coal Co. v. Cleveland [1984], 10 Ohio St.3d 77,80.); In re Bibb (1980), 70 Ohio App.2d 117, 121.
This court has recently held that "a juvenile proceeding is fundamentally different from those involving adults because the state has a parens patriae interest in the welfare of the child." In re Schreiber
(Sept. 30, 1999), Ashtabula App. No. 98-A-0039, unreported, at 3 (citingSantosky v. Kramer [1982], 455 U.S. 745, 766.) Specifically, juvenile courts may conduct dispositional hearings in an informal manner. Juv.R. 27; R.C. 2151.53(A)(1). Additionally, this court has held that the applicability of the rules of evidence is limited in a dispositional hearing before a juvenile court. In re Graves (June 23, 2000), Geauga App. No. 99-G-2219, unreported, at 27. Pursuant to Evid.R. 101(C)(6), the rules of evidence do not apply to "[p]roceedings in which other rules prescribed by the Supreme Court govern matters relating to evidence." Accordingly, the Supreme Court of Ohio has set forth evidentiary rules such as Juv.R. 34 to provide guidance and to establish procedures during dispositional hearings.
Juv.R. 34 provides, in part:
 "(A) * * * Where a child has been adjudicated as an abused, neglected, or dependent child * * * the court shall not issue a dispositional order until after it holds a separate dispositional hearing. * * *
 "In all other juvenile proceedings, the dispositional hearing shall be held pursuant to Juv.R. 29(F)(2)(a) through (d) and the ninety day requirement shall not apply. * * *"
"(B) * * *
 "(3) Medical examiners and each investigator who prepared a social history shall not be cross-examined, except upon consent of all parties, for good cause shown, or as the court in its discretion may direct. Any party may offer evidence supplementing, explaining, or disputing any information * * *.[5]
" * * *
 "(D) * * * Where a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition: * * * " (Emphasis added.)
Juv.R. 34 includes both specific rules that apply to dispositional hearings when a child is adjudicated as abused, neglected, or dependent and general rules for all types of dispositional hearings. See Juv.R. 34(A); Juv.R. 34(D). This court has previously applied Juv.R. 34 to delinquency cases. In re Willams (June 23, 1995), Ashtabula App. No. 94-A-0066, unreported. Clearly, Juv.R. 34(B)(3) provides that, during a dispositional hearing, medical examiners and investigators who prepare a social history may not be cross-examined, except upon consent, for good cause, or at the trial court's discretion. In contrast, Juv.R. 34(A) distinguishes between the different types of dispositional hearings for the purpose of establishing the time period for scheduling such hearings. Additionally, as a precautionary measure, a party may present evidence to contradict, supplement, or explain information contained in a social history or any other report. Juv.R. 34(B)(3).
Moreover, Juv.R. 32 provides, in part:
 "(A) * * * The court may order and utilize a social history or physical or mental examination at any time after the filing of a complaint * * *.
 "(B) * * * Until there has been an admission or adjudication that the child who is the subject of the proceedings is * * * delinquent, unruly, neglected, dependent, or abused, no social history, physical examination or mental examination shall be ordered except as authorized under * * * (A) * * *.
 "(C) * * * A reasonable time before the dispositional hearing * * * counsel shall be permitted to inspect any social history or report * * * The court may, for good cause shown, deny such inspection or limit its scope * * *." (Emphasis added.)
Juv.R. 32(A) sets forth the limited circumstances by which a court may order a social history and physical or mental examination after a complaint is filed, but before an adjudication hearing. Juv.R. 32(B) and (C) address the rules for preparation and inspection of a social history, physical examination or mental examination prior to a dispositional hearing, not only for children who are adjudicated as delinquent, but children who are adjudicated as unruly, neglected, abused, dependent, etc.
In the case sub judice, contrary to appellant's contention that Juv.R. 34 does not apply but, that, Juv.R. 32 applies, both rules address various guidelines pertaining to dispositional hearings. Juv.R. 32 addresses the rules regarding the preparation and inspection of a social history and physical or mental examination prior to a dispositional hearing. On the other hand, Juv.R. 34(B)(3) contemplates the procedures during a dispositional hearing. Neither section conflicts with the other; rather, each section addresses different issues.
Furthermore, upon review of the record, we cannot say the trial court abused its discretion by adhering to Juv.R. 34(B)(3) when it denied appellant the right to cross-examine Mr. Dell and Mr. Frengel. The trial court, in its sound discretion did not allow cross-examination. Accordingly, appellant's third argument lacks merit.
Appellant's fourth argument concerns the unsworn testimony of Mr. Dell and Mr. Frengel. The state's appellate brief acknowledged that appellant was the only witness who took an oath. The record shows that immediately prior to Mr. Dell's testimony, appellant's counsel made the following statement: "Your Honor, I would like to interject an objection for two (2) reasons." The court immediately interrupted by stating, "It's overruled, Mr. Goodwin. This is a dispositional hearing. You read the rules. You don't have the right to cross-examine. * * *" Consequently, the record does not contain the basis for appellant's objection since appellant was prohibited from finishing his objection. However, appellant could have proffered the basis for his objection.
In In re Ramsey (1995), 102 Ohio App.3d 168, the Fifth Appellate District addressed a similar situation where a social worker was permitted to testify during a dispositional hearing without being placed under oath. In Ramsey, unlike the case at bar, the appellant expressly objected to the omission of the oath during the hearing. Id. at 169. The court held that "[t]he placing of witnesses under oath is simple, and not burdensome, and provides the parties concerned, the juvenile court, and any reviewing court with a very basic safeguard." Id. at 171.
The Supreme Court of Ohio has held that an oath or affirmation is a prerequisite for the testimony of a witness; thus, it is erroneous when a court reaches a decision based upon unsworn testimony. Allstate Ins.Co. v. Rule (1980), 64 Ohio St.2d 67, 69.
Similarly, the Tenth Appellate District has held that "[t]o place witnesses under oath or affirmation before they make statements upon which a court may ultimately rely in making decisions regarding a minor child is not, in our view, an overly burdensome requirement."[6]Leopard v. Leopard (May 20, 1999), Franklin App. No. 98AP-648, unreported, at 17. In Leopard, neither party raised objections to the unsworn testimony during the hearing before the magistrate; however, in reviewing the magistrate's decision to determine whether it was supported by competent and credible evidence, the court held that unsworn statements could not constitute competent and credible evidence to support the magistrate's decision. Id. at 15.
On the other hand, the Eighth Appellate District, has held that the failure of a party to timely object to the absence of an oath prior to the testimony of a witness precludes any claim of error on appeal. In reKeller (Dec. 8, 1994), Cuyahoga App. No. 66451, unreported, at 16 (citingStores Realty Co. v. Cleveland [1975], 41 Ohio St.2d 41.) However, inKeller, the appellant raised the issue concerning the absence of an oath for the first time six months later in a separate hearing before the juvenile court. Id. at 17.
Although dispositional hearings are conducted in an informal manner, the governing statutes and rules require relevant and trustworthy "evidence." In re Fleming (July 22, 1993), Cuyahoga App. No. 63911, unreported, at 27; Ramsey, supra, at 170. The word "evidence" connotes the use of sworn testimony especially when a juvenile court intends to rely on a witness' testimony. Fleming at 27-28.
In the case before us, although a dispositional hearing is informal, the outcome of such a hearing is of paramount importance to appellant's life. The decision to suspend appellant's probation, sentencing him to ODYS should not be taken lightly.
It is not clear whether one of the two reasons for appellant's objection immediately before Mr. Dell's testimony concerned the omission of an oath. However, we agree with the sound reasoning of the Tenth Appellate District that the placing of witnesses under oath before they make statements upon which the court may ultimately rely on in making its decision, regarding a minor, is not a terribly burdensome requirement.Leopard at 17.
Nevertheless, error will be deemed "harmless" if it does not affect a defendant's substantial rights. The Supreme Court has held that although a defendant has a constitutional guarantee to a trial free from prejudicial error, it is not necessarily a guarantee free from all error.State v. Brown (1992), 65 Ohio St.3d 483, 485. Error is harmless where there is no reasonable probability that it contributed to a defendant's conviction. State v. Lytle (1976), 48 Ohio St.2d 391, paragraph three of the syllabus. The improper admission of testimony is harmless if the remaining evidence alone compromises "overwhelming" proof that the defendant is guilty. State v. Williams (1983), 6 Ohio St.3d 281, paragraph six of the syllabus.
In the instant case, the omission of placing Mr. Dell and Mr. Frengel under oath constituted "harmless error" for the simple reason that appellant acknowledged the truth of their testimony. Appellant's own testimony provides a deficient factual basis for the juvenile court's ruling. For instance, appellant testified that he was not truthful about disclosing his victims during his therapy sessions, that he acted aggressively towards the staff and the other residents, and that he was disrespectful to the people at Lincoln Place. Furthermore, the reports filed by the various agencies also reiterated the testimony of Mr. Dell and Mr. Frengel. Based upon the circumstances of this case, there was no reasonable probability that the testimony of Mr. Dell and Mr. Frengel by itself contributed to the revocation of appellant's suspended sentence. Hence, it was harmless error, in this case, when the juvenile court did not place Mr. Dell and Mr. Frengel under oath. However, as a very basic safeguard, the juvenile court could have and should have placed Mr. Dell and Mr. Frengel under oath prior to their testimony. For the foregoing reasons, we overrule appellant's fourth argument.
Accordingly, the judgment of the Juvenile Division of the Portage County Court of Common Pleas is hereby affirmed.
 _______________________________________ JUDGE DIANE V. GRENDELL
FORD, P.J., NADER, J. concur.
[1] Previously, appellant was found to be a dependent child on September 24, 1998. On October 20, 1998, after a dispositional hearing, appellant was placed into the temporary custody of the Portage County Department of Human Services for placement at Lincoln Place, Youngstown, Ohio.
[2] The record contains extensive interviews with appellant, appellant's brother, victim, and victim's siblings.
[3] Appellant's date of birth is May 14, 1983.
[4] The trial court stated, "You also give up the right, by entering an admission here, to bring in your own witnesses to testify for you, do you understand that?"
[5] R.C. 2151.35(B)(2)(c) is virtually identical to Juv.R. 34(B)(3).
[6] In Leopard, the parties met with the magistrate in chambers for the purpose of reaching a settlement concerning child support and parental rights. The parties could not reach an agreement; consequently, the parties agreed to explain their positions in the courtroom before the magistrate. Id. at 7. The parties were not placed under oath before testifying. Id.