[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Appellant, Christopher Evans, was adjudicated a delinquent child for acts that would have constituted murder pursuant to R.C. 2903.02
if committed by an adult. He now appeals that adjudication. In his sole assignment of error, he contends that the juvenile court erred in finding him competent to stand trial. Because of a procedural irregularity, we conclude that this assignment of error is well taken.
 {¶ 3} The record shows that the court held a competency hearing and had before it the reports of three experts. These reports were never marked as exhibits or formally admitted into evidence, although the juvenile court considered them. Nevertheless, the three experts also testified at the hearing. Dr. Paul Deardorff found that Evans was competent to stand trial. Dr. Kathleen Hart concluded that he was not competent, as did the other expert, although the juvenile court ultimately discounted that expert's testimony because she did not use the correct standard for competency in her evaluation.
 {¶ 4} The juvenile court found that Evans was not competent to stand trial based on his inability to assist in the defense and to cooperate meaningfully in the trial itself, rather than because of a lack of understanding of the nature of the proceedings. The court also held that he could be restored to competency and sent him for treatment.
 {¶ 5} At a second competency hearing two months later, the court studied new reports by both Deardorff and Hart. Again, neither report was marked as an exhibit or formally admitted into evidence. Deardorff, who did not testify at the second hearing, again found Evans to be competent to stand trial. Hart did testify at the hearing. She stated that Evans's condition had improved after treatment, but expressed reservations about whether he could meaningfully assist in his defense. She testified that his ability to assist would vary, depending on the circumstances.
 {¶ 6} Based on those expert opinions, the juvenile court held that Evans was restored to competency. The court also ordered that the trial would be held under certain special conditions to make sure that the child would stay focused and would be able to understand the proceedings.
 {¶ 7} The juvenile court was extremely thorough in attempting to ensure that Evans's due-process right not to be tried while incompetent was respected. See In re Bailey, 150 Ohio App.3d 664, 2002-Ohio-6792,782 N.E.2d 1177; In re Williams (1997), 116 Ohio App.3d 237,687 N.E.2d 507; In re McWhorter (Dec. 5, 1994), 12th Dist. No. CA94-02-047. Nevertheless, the court failed to admit the experts' reports into evidence, and to make them a part of the record. Its reliance on reports that were not part of the record was prejudicial error. Hubbardv. Anderson (Jan. 21, 1998), 4th Dist. No. 96CA2440.
 {¶ 8} The juvenile court may conduct its hearings in an informal manner. R.C. 2151.35(A); In re Good (1997), 118 Ohio App.3d 371,692 N.E.2d 1072; In re Ramsey (1995), 102 Ohio App.3d 168, 656 N.E.2d 1311. Nevertheless, delinquency proceedings must meet the basic requirements of due process. In re Gault (1967), 387 U.S. 1, 87 S.Ct. 1428; In re Fisher
(1974), 39 Ohio St.2d 71, 313 N.E.2d 851. The statutes and rules governing juvenile proceedings require that evidence be presented.Ramsey, supra; In re Fleming (July 22, 1993), 8th Dist. No. 63911. In this case, the reports never actually became evidence, as they were never introduced or formally admitted into evidence. Hart's testimony alone was insufficient to support the trial court's finding that Evans was competent. See Williams, supra; In re Stone, 12th Dist. No. CA2002-09-035, 2003-Ohio-3071.
 {¶ 9} Further, we cannot meaningfully review the juvenile court's decision because the reports are not part of the record on appeal. See Inre Kutzli (1991), 71 Ohio App.3d 843, 595 N.E.2d 1026. This is not a case where the appellant has failed to meet his burden to provide a complete record on appeal, requiring us to presume regularity. See Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384; State v.Gonzales, 151 Ohio App.3d 160, 2002-Ohio-4937, 783 N.E.2d 903. Here, the reports were never made a part of the record.
 {¶ 10} Accordingly, we hold that the juvenile court erred in relying on evidence outside the record in finding Evans to be competent. We sustain his assignment of error, reverse the judgment of the Juvenile court and remand the case for further proceedings.
 {¶ 11} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Winkler, JJ.