OPINION
{¶ 1} Appellant, Cheryl Holt, appeals from the April 2, 2003 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch. In its judgment entry, the court overruled appellant's objections to the magistrate's decision, adopted the same and sustained the November 7, 2002 motion of Franklin County Children Services ("FCCS") to place appellant's daughter, Natosha Holt ("Natosha"), under Planned Permanent Living Arrangement ("PPLA"). For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On August 15, 1990, a dependency and neglect complaint was filed on behalf of Natosha, who was then three years of age. On November 8, 1990, the court found Natosha to be a neglected child and awarded temporary custody of Natosha to Edward Gray, her putative father. On September 13, 1991, the order was modified to award legal custody to Mr. Gray.
 {¶ 3} On October 10, 1997, the court terminated legal custody and awarded temporary custody of Natosha to FCCS. On July 27, 2001, the court terminated the order of temporary commitment to FCCS and awarded temporary custody to Thomas and Theresa Spinks. On April 23, 2002, when Natosha was fifteen years of age, the court terminated the order of temporary commitment to the Spinks' and committed Natosha to the temporary custody of FCCS. On November 7, 2002, FCCS filed a motion for a PPLA order, pursuant to R.C. 2151.353(A)(5).
 {¶ 4} The record reflects that appellant was served with a summons, a copy of the PPLA motion and a notice of hearing on November 13, 2002. On November 19, 2002, the magistrate held a hearing on the PPLA motion and also on an annual review. Present at the hearing were counsel for FCCS, the court-appointed guardian ad litem ("GAL"), Edward Gray and the FCCS caseworker. The record reflects that appellant made no contact with the court, prior to November 19, 2002, either directly or through a representative, in person, by telephone or in writing, requesting appointment of counsel or a continuance of the hearing.
 {¶ 5} Thomas Brock, who had previously served as appellant's appointed counsel in the proceedings involving Natosha, but who was not engaged in that capacity at the time of the hearing, appeared before the magistrate on November 19, 2002. Mr. Brock told the magistrate that, after appellant was served but prior to the date of the hearing, he had been informed "through" appellant that the PPLA motion had been filed and that she had been served. (November 19, 2002, Tr. at 2.) The magistrate inquired of Mr. Brock whether he wished to make an official appearance for appellant, and whether he wished to request, on behalf of appellant, that he be appointed as her counsel. (November 19, 2002, Tr. at 3.)
 {¶ 6} The magistrate told Mr. Brock that if he requested appointment of counsel on behalf of appellant, she would appoint him and he could represent appellant at the hearing. (November 19, 2002, Tr. at 3.) The magistrate confirmed that proper service upon appellant had in fact been made. (November 19, 2002, Tr. at 4.) The magistrate further informed Mr. Brock that if he did not wish to request appointment and represent appellant at the hearing, she would nonetheless proceed with the hearing, and appoint counsel for appellant for any future proceedings, upon appellant's request. (November 19, 2002, Tr. at 3.) Mr. Brock declined to request appointment at that time, or to take any other action on behalf of appellant. (November 19, 2002, Tr. at 4.) It is not clear from the record what purpose, if any, Mr. Brock intended to serve by appearing at the November 19, 2002 hearing.
 {¶ 7} The magistrate proceeded with the hearing. Mr. Brock interrupted the proceedings to state, "[t]he only problem is, is that the child is represented by counsel, Your Honor. She — she has been — Natasha has always been represented by counsel." (November 19, 2002, Tr. at 6.) The magistrate admonished Mr. Brock that he did not have standing to participate in the hearing, and noted that Natosha had been appointed a GAL, who was present at the hearing.
 {¶ 8} Ms. King, Natosha's GAL, stated that she agreed with the agency's plan because Natosha was in a stable foster placement and there were not any viable options available for Natosha other than PPLA, or "long term placement." The GAL further stated that she did not have an objection to the appointment of separate counsel for Natosha. However, the GAL did not indicate that any conflict existed at that time between her recommendation and Natosha's wishes. (November 19, 2002, Tr. at 6-8.)
 {¶ 9} On November 27, 2002, the magistrate issued her decision recommending that the motion for PPLA be granted. The magistrate's decision contains the following findings of fact:
The Magistrate finds by clear and convincing evidence that a planned permanent living arrangement is in the best interest of the child and the parents have sufficient physical, medical or psychological problems and are unable to care for the child because of those problems. Adoption is not in the best interests of the child as the child does maintain a significant and positive relationship with the parent or relative; and the child is sixteen (16) years of age of [sic] older, has been counseled on the permanent placement options available to him/her and is unwilling to accept or unable to adapt to placement and is in an agency program preparing him/her for independent living.
The continuation in the child's own home would be contrary to the child's welfare. And reasonable efforts have been made to prevent or eliminate the need for removal of the child from the child's own home.
The Magistrate finds placement and casework services were provided by the agency to the family of the child, but the removal of the child from home continues to be necessary because the circumstances giving rise to the original filing have not been sufficiently alleviated.
The Magistrate finds the parties are in agreement with the case plan and further state they acknowledged receipt of a copy of the case plan and waive further service of a copy when it is journalized.
Reasonable efforts have been made to finalize the permanency plan in effect for the child(ren).
 {¶ 10} Additionally, the magistrate's decision contains the following conclusions of law:
On November 19, 2002, it is the decision of the magistrate that the following orders shall issue:
Sustain the motion to exercise continuing jurisdiction over this matter. Terminate the temporary court commitment to Franklin County Children Services.
Maintain the wardship of Michelle [sic][1] Holt and place said child under Planned Permanent Living Arrangement, pursuant to Section2151.353(A)(5) of the Ohio Revised Code. Order the Columbus City School District to bear cost of tuition during custody.
Approve and adopt the case plan and make the same an order of the court. Order the parties to notify the court through the juvenile protective services should there be a change in their current address or telephone number.
Set this matter for review to a date and time certain, to wit: November 18, 2003 at 9:00 A.M.
All orders effective November 19, 2002.
 {¶ 11} On December 6, 2002, the magistrate appointed Mr. Brock as counsel for appellant. On the same date, appellant filed objections to the magistrate's decision in which she asserted the same arguments she now asserts on appeal. In her objections, appellant argued that the magistrate's decision should be rejected, and the PPLA hearing should be held anew. Appellant also argued that an attorney should be appointed to represent Natosha individually at the new hearing.
 {¶ 12} On March 24, 2003, the court held a hearing on the objections. Present were Mr. Brock, Ms. King and counsel for FCCS. The court discussed the merits of the objections with all attorneys present and allowed each to be heard on the matter. Thereafter, in a judgment entry dated April 2, 2003, the court overruled appellant's objections and adopted the magistrate's decision in full. It is from this judgment entry that appellant appeals to this court.
 {¶ 13} Appellant presents three assignments of error as follows:
I. Trial Court committed prejudicial error in granting the motion of Franklin County Children Services for Planned Permanent Living Arrangement without appointing counsel for Appellant, the mother of the child, Natosha Holt, and an indigent, and without further allowing Appellant to be heard on the matter and further denying Appellant access to the Courts of Ohio in violation of Appellant's fundamental rights pursuant to the First and Ninth Amendments of the United States Constitution and the Ohio Constitution, Article I, Bill of Rights, Sections One, Three, and Twenty and the Due Process and Equal Protection provisions of the United States and Ohio Constitutions with regard to the following grounds: (1) Denial of the fundamental exercise of speech and the right of association; (2) Denial of the fundamental right to notice and the opportunity to be heard; (3) Denial of the fundamental right to access to the Courts of Ohio; (4) Denial of the fundamental right as an indigent to be appointed counsel; (5) Fundamental unfairness; and (6) Denial of the equal protection of the laws.
II. Trial Court committed prejudicial error in granting the motion of Franklin County Children Services on the basis that a person, other than Appellant, cannot waive Appellant's right to counsel in violation of Appellant's fundamental rights pursuant to the First and Ninth Amendments of the United States Constitution and the Ohio Constitution, Article I, Bill of Rights, Sections One, Three, and Twenty and the Due Process and Equal Protection provisions of the United States and Ohio Constitutions with regard to the following grounds: (1) Denial of the fundamental expression of speech and the right of association; (2) Denial of the fundamental right of notice and the opportunity to be heard; (3) Denial of the fundamental right to access to the Courts of Ohio; (4) Denial of the fundamental right as an indigent to be appointed counsel; (5) Fundamental unfairness; and (6) Denial of the equal protection of the laws.
III. Trial Court committed prejudicial error in granting the motion of Franklin County Children Services for Planned Permanent Living Arrangement without appointing counsel for the child, Natosha Holt, in violation of Appellant's fundamental rights pursuant to the First andNinth Amendments of the United States Constitution and the Ohio Constitution, Article I, Bill of Rights, Sections One, Three and Twenty and the Due Process and Equal Protection provisions of the United States and Ohio Constitutions with regard to the following grounds: (1) Denial of the fundamental expression of speech and right of association; (2) Fundamental unfairness; and (3) Denial of the equal protection of the laws.
 {¶ 14} Appellant's first two assignments of error present for our consideration the issue whether the trial court erred in finding that appellant waived her right to counsel for purposes of the hearing on the PPLA motion, and in not appointing counsel for her for purposes of that hearing. We note initially that an individual's right to counsel in juvenile court proceedings that do not involve termination of parental rights is statutory, and is not derived from the United States or Ohio Constitutions. State ex rel. Asberry v. Payne (1998), 82 Ohio St.3d 44,46. Additionally, our research reveals that no court, in juvenile custody proceedings, has recognized a right to counsel under the First orNinth Amendments to the United States Constitution, or a right to counsel under any provision of the Ohio Constitution. Therefore, appellant's reliance upon the Ohio and United States Constitutions is misplaced.
 {¶ 15} R.C. 2151.352 provides that indigent children, parents, custodians, or other persons in loco parentis are entitled to appointed counsel in all proceedings conducted pursuant to R.C. Chapter 2151. Appellant herein apparently argues that she was denied this statutory right in the proceedings below, and that the juvenile court should have sua sponte appointed counsel for her and continued the hearing before the magistrate in order to allow her sufficient time to prepare for same with her counsel. She also apparently argues that she was denied due process because she was not given sufficient notice of the hearing.
 {¶ 16} The record reflects that appellant was properly served with a copy of the PPLA motion, notice of the PPLA hearing and a summons. Appellant had a reasonable amount of time (six days) within which to contact the court by some means to request that she be appointed counsel. The record indicates that six days was in fact a sufficient amount of time for appellant to get word to Mr. Brock that a hearing would be taking place on November 19, 2002. The record further reflects that appellant took no action, either herself or through a representative, to ask the court for appointed counsel.
 {¶ 17} Mr. Brock attended the PPLA hearing but refused to take any actions on appellant's behalf, and indicated he was present in an "unofficial" capacity. The magistrate told Mr. Brock that if he indicated that appellant wished to have counsel appointed for her, the magistrate would appoint Mr. Brock; Mr. Brock replied, "I think that's not to my benefit to do something like that." (November 19, 2002, Tr. at 4.) As such, Mr. Brock's appearance at the PPLA hearing does not constitute a request for appointed counsel by appellant.
 {¶ 18} We find that appellant was not denied her statutory right to counsel, but simply failed to pursue her right. See In re Ramsey (1995), 102 Ohio App.3d 168. That the trial court also so found is not error. Further, under the facts of this case, we do not agree that six days' notice of a PPLA hearing is a violation of appellant's due process rights.
 {¶ 19} Appellant's invocation of the rights of speech and association, the right to access to the courts, and the right to equal protection, is wholly misplaced, as these rights are not implicated by the proceedings taken in this matter. For all of the foregoing reasons, appellant's first and second assignments of error are overruled.
 {¶ 20} Appellant's third assignment of error presents the issue whether the trial court erred in finding that there was no need to appoint separate counsel for the child, other than the GAL, for purposes of the hearing on the PPLA motion. Natosha's right to counsel, like that of appellant, is statutory and not constitutional. Generally, when an attorney is appointed as guardian ad litem, that attorney may also act as counsel for the child, absent a conflict of interest. R.C. 2151.281(H); In re Smith (1991), 77 Ohio App.3d 1, 14; In re Janie M. (1999),131 Ohio App.3d 637. A juvenile court is not required to appoint separate counsel for a child unless there is evidence in the record that the child's wishes conflict with the recommendation of the guardian ad litem. In re Cooper (Aug. 28, 2001), Cuyahoga App. No. 78848; In re Williams, Geauga App. No. 2498, 2003-Ohio-3550, conflict certification granted in In re Williams, 99 Ohio St.3d 1540, 2003-Ohio-4671.
 {¶ 21} In the present case, the Court and the guardian ad litem, Ms. King, engaged in the following exchange on the record:
ATTORNEY KING: * * * My recollection on the morning of this hearing that we're reviewing today, I indicated to the Court that I didn't have an objection to an attorney being appointed if the Court wanted to do that because there have been points throughout the history of this case and as you see it's a 1990 case number and I've been guardian on the case since 1990. There have been periods of time throughout the history of the case where Natosha has had a separate attorney appointed for her because there was a conflict between what my position as her guardian was and what she was indicating she wished to have happen. In particular, while there was a P.C.C. motion pending, she had an attorney representing her interest. At this point, however, with regard to the P.P.L.A. request on the part of Franklin County Children Services I don't think there really was any conflict at the time of our hearing in November — was it November?
JUDGE BROWNE: Yeah.
ATTORNEY KING: But because of the history on the case, I wouldn't have — certainly wouldn't have had any problem with the Court deciding to appoint an attorney for her, although I — I was not specifically requesting that because I didn't feel that there was a conflict. And just to give the Court an update at this point, I did speak with Natosha last week to discuss this issue with her again, you know just prior to this hearing so that you would have current information with regard to whether there is any conflict between my recommendation for P.P.L.A. status on behalf of Natosha and what her wishes are. And what she's indicated to me at this point is that she does not feel that she needs to have an attorney. I did discuss that issue with her. I asked if she wanted to come to court and — and make her position known directly to the Court, which she has done in the past, and she indicated she did not wish to do that at this time either. She, of course, as any child in her circumstances would like, she would like to be with her mother; however, her mother is still incarcerated and Natosha knows that it's not an option at this time for her to live with her mother. And given those facts, she does wish to have a — a permanent type of case plan with Franklin County Children Services. She has an older sister who's now an adult * * * and that's Michelle, who's name is actually on the — the — the complaint here, who went through the Independent Living Program with Franklin County Children Services. She had a P.P.L.A. status with the agency and Natosha views that as having been a successful plan for her sister, Michelle, and she would —
JUDGE BROWNE: And the child is fifteen and a half years old —
ATTORNEY KING: — Yes.
JUDGE BROWNE: — isn't she?
ATTORNEY KING: Yes. And she would like to have the same type of plan for herself. Her goal at this point is to go into the eman Emancipation Program and eventually go into Independent Living. She's currently living in a foster home. She's saying that that's going fine. She'd prefer to be in a different school but the — the home itself, she's comfortable in. And she would like the agency to proceed with the current case plan, which calls for eventual emancipation and independent living.
(March 24, 2003, Tr. at 6-9.)
 {¶ 22} The evidence in the record demonstrates that there was no conflict between the wishes of the child, Natosha, and the recommendation of the guardian ad litem. Thus, the trial court did not err in failing to appoint separate counsel for Natosha. Appellant's third assignment of error is overruled.
 {¶ 23} Having overruled all of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.
Judgment affirmed.
LAZARUS and WATSON, JJ., concur.
[1] Michelle is Natosha's older sister. By later entry, this clerical error was corrected to reflect Natosha's name.