DECISION
{¶ 1} Valerie Williams, appellant, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, in which it overruled objections to a magistrate's denial of her motion to vacate pursuant to Civ.R. 60(B).
 {¶ 2} On December 28, 2000, a complaint was filed alleging Steven Williams, who was approximately six months old, to be a dependent child. Appellant is Steven's biological mother. The court appointed Richard B. Parry as counsel for appellant. Due to appellant's mental health issues, the court also appointed a guardian ad litem for appellant.[1] On February 12, 2001, Steven was adjudicated dependent and committed to the temporary custody of Franklin County Children Services ("FCCS"), and Parry's appointment was terminated. Appellant appealed the trial court's judgment, and during the pendency of the appeal, on August 22, 2001, FCCS filed a motion for permanent custody. On September 10, 2001, appellant was personally served with notice of the October 15, 2001 hearing. Appellant and her guardian ad litem appeared for the October 15, 2001 hearing, and both signed the continuance form. The permanent custody hearing was continued several more times during the pendency of the appeal, and appellant failed to appear on any of these subsequent hearing dates. This court affirmed the trial court's February 12, 2001 judgment in In re Williams, Franklin App. No. 01AP-867, 2002-Ohio-2902.
 {¶ 3} On July 15, 2002, a magistrate held the permanent custody hearing. Appellant failed to appear at the hearing. The magistrate filed a decision granting permanent custody on July 22, 2002. On October 24, 2002, appellant filed a motion to vacate the award of permanent custody, pursuant to Civ.R. 60(B)(5), through her self-obtained former counsel, Parry. Upon appellant's request, the trial court reappointed Parry as appellant's counsel due to appellant's indigency. Appellant failed to appear for the January 13, 2003 hearing, and the matter was continued. On February 12, 2003, the case came on for a hearing on the motion, but appellant again failed to appear. The magistrate denied Parry's motion for a continuance in order to secure the attendance of appellant. The magistrate then heard arguments on the Civ.R. 60(B) motion. On February 20, 2003, the magistrate filed a decision denying the Civ.R. 60(B) motion. Appellant filed an objection to the magistrate's decision on March 27, 2003. Although appellant's objection was filed untimely, the trial court addressed its merits. On September 3, 2003, the trial court overruled the objection. The trial court found that appellant's motion was timely, but that she failed to demonstrate that she had a meritorious claim and that she was entitled to relief under one of the grounds stated in Civ.R. 60(B). Appellant appeals the trial court's judgment, asserting the following assignment of error:
The trial court erred in denying the 60(B) motion.
 {¶ 4} Appellant argues in her assignment of error that the trial court erred in denying her motion to vacate pursuant to Civ.R. 60(B). To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken. GTE AutomaticElectric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 5} The standard of review to be applied in appeals from the award or denial of Civ.R. 60(B) motions is an abuse of discretion standard. Associated Estates Corp. v. Fellows
(1983), 11 Ohio App.3d 112; Doddridge v. Fitzpatrick (1978),53 Ohio St.2d 9. An abuse of discretion connotes an attitude by the court which is arbitrary, unconscionable, or unreasonable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 6} In the present case, appellant argued in her Civ.R. 60(B) motion that the magistrate was required to inform her of her right to counsel, and her right to appointed counsel if indigent, when she appeared for the initial permanent custody hearing on October 15, 2001. Appellant cites several rules and Revised Code sections in support of her contention. Appellant first points to Juv.R. 29(B)(3), which provides:
Advisement and findings at the commencement of the hearing
At the beginning of the hearing, the court shall do all of the following:
* * *
(3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel[.]
 {¶ 7} However, Juv.R. 29 applies only to adjudicatory hearings. The adjudicatory hearing in this case was held February 2001, when the trial court determined that appellant's child was dependent and placed him in the temporary custody of FCCS. The subsequent motion filed by FCCS was a motion to modify temporary custody to permanent custody, filed pursuant to R.C. 2151.413 and2151.414. Such proceedings are governed by Juv.R. 34(I), which specifically provides:
Hearings to determine whether temporary orders regarding custody should be modified to orders for permanent custody shall be considered dispositional hearings and need not be bifurcated. * * *
 {¶ 8} Because the hearing on the motion to modify temporary custody to permanent custody was a dispositional hearing, rather than an adjudicatory hearing, Juv.R. 29 did not apply. See In reLakes, 149 Ohio App.3d 128, 2002-Ohio-3917, at ¶ 4; In reL.D., Cuyahoga App. No. 81397, 2003-Ohio-2471, at ¶ 9; In reAshley E.D., Huron App. No. H-02-025, 2002-Ohio-6238, at ¶ 40. Therefore, appellant's argument with respect to Juv.R. 29(B)(3) is not well taken.
 {¶ 9} Appellant next contends that R.C. 2151.352 required the magistrate to inform her of her right to counsel, and her right to appointed counsel if indigent, when she appeared for the initial permanent custody hearing on October 15, 2001. As of October 15, 2001, R.C. 2151.352, which has been amended several times since, provided, in pertinent part:
A child, his parents, custodian, or other person in loco parentis of such child is entitled to representation by legal counsel at all stages of the proceedings and if, as an indigent person, he is unable to employ counsel, to have counsel provided for him pursuant to Chapter 120. of the Revised Code. If a party appears without counsel, the court shall ascertain whether he knows of his right to counsel and of his right to be provided with counsel if he is an indigent person. The court may continue the case to enable a party to obtain counsel or to be represented by the county public defender or the joint county public defender and shall provide counsel upon request pursuant to Chapter 120. of the Revised Code. * * *
 {¶ 10} Although former R.C. 2151.352 clearly required the court to ascertain whether the parent knows of the right to counsel and of the right to be provided appointed counsel if indigent, the language of the statute specifically limits the court's obligation to only those situations in which the parent actually appears at the hearing. In the present case, no hearing was held on October 15, 2001, and appellant failed to appear at the actual permanent custody hearing on July 15, 2002. Therefore, the trial court could not engage in the dialogue set forth in former R.C. 2151.352 on either occasion. See Matter of Perkins
(Dec. 31, 1987), Lucas App. No. L-87-065 (a court is under an affirmative duty to inquire of a party concerning the right to appointed counsel pursuant to R.C. 2152.352 only if a party appears before it; thus, if the party does not appear in court or make any affirmative demonstration that she desired to be represented, the court cannot appoint counsel to represent her). There is also no indication that appellant or her guardian demonstrated a desire that appellant be appointed counsel at either the October 15, 2001 hearing or the July 15, 2002 hearing. Under these circumstances, the trial court could not follow the mandates of R.C. 2151.352.
 {¶ 11} Appellant also asserts the trial court was required to appoint counsel for her pursuant to Juv.R. 4. Juv.R. 4(A) provides:
Assistance of counsel
Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. * * *
 {¶ 12} Clearly, Juv.R. 4(A) provides that parents are entitled to representation by legal counsel, and appointed counsel if indigent, at all stages of juvenile proceedings, including permanent custody proceedings. However, Juv.R. 4(A) merely declares the general entitlement to counsel. In the present case, appellant has not alleged that the trial court ever denied her the right to counsel or denied her the right to appointed counsel.
 {¶ 13} To the contrary, the record in this case reveals that appellant was informed of her right to counsel and appointed counsel prior to appearing for the permanent custody hearing on October 15, 2001. The notice of hearing personally served upon appellant on September 10, 2001 informed appellant, in large, bold-faced print, that she was entitled to be represented by counsel in the permanent custody proceeding, and if she wished to be represented by counsel and was unable to pay for an attorney, the court would appoint an attorney to represent her. The notice indicated that she could request appointment of counsel at the hearing and provided a phone number with which she could determine if she was eligible for an appointed attorney. Appellant appeared on October 15, 2001, but the hearing was continued. There is no indication in the extremely brief transcript from October 15, 2001 that appellant or her guardian ad litem requested legal counsel. Where a mother is notified of her right to counsel, but fails to pursue it, she has not been denied her statutory right to counsel. In re Careuthers (May 2, 2001), Summit App. No. 20272 (dispositional hearing); see, also,In re Ramsey Children (1995), 102 Ohio App.3d 168, 169-170
(adjudicatory hearing). In the present case, appellant was informed of her right to counsel and the procedures necessary to obtain appointed counsel, but she failed to avail herself of such rights. Thus, appellant was not denied the right to counsel afforded by Juv.R. 4(A), and her reliance upon such rule is misplaced.
 {¶ 14} Although appellant did appear at the first dispositional hearing, she then demonstrated a disinterest in the matter and ultimately failed to cooperate and communicate with the court or any officer of the court with regard to the most crucial hearings. After the initial continuance, she failed to appear for any of the subsequently scheduled hearing dates, including the final permanent custody hearing and two hearings on her Civ.R. 60(B) motion. Given the extreme gravity of permanently losing custody of one's child, which has often been compared to the death penalty, appellant's absences demonstrate her lack of concern for the proceedings and their consequences. For the foregoing reasons, the trial court did not abuse its discretion in denying appellant's motion, pursuant to Civ.R. 60(B), and appellant's assignment of error is overruled.
 {¶ 15} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
Klatt and Watson, JJ., concur.
[1] On February 6, 2004, this court granted the February 3, 2004 motion of M. David Burton to withdraw as Guardian ad litem for appellant.