OPINION
{¶ 1} Appellants, Paul Cunningham, et al., appeal from the judgment of the Portage County Municipal Court finding in favor of appellee, Epling Estates, on appellants' counterclaim.
 {¶ 2} On March 31, 2000, appellee filed a pro se complaint in the Portage County Municipal Court, Ravenna Division, claiming appellants, former tenants in a rental unit owned by appellee, were responsible for unpaid water bills and other damages exceeding their security deposit. On January 1, 2001, after a series of continuances, appellants filed a pro se counterclaim against appellees alleging wrongful withholding of their security deposits.[1] Appellants subsequently amended their counterclaim and, on April 19, 2001, appellee filed its answer to appellants' amended counterclaim, denying the allegations.
 {¶ 3} On November 8, 2001, appellee moved the court to voluntarily dismiss its March 31, 2000 complaint. For approximately the next 18 months, the parties seem to have engaged in various forms of (or attempts at) discovery. On March 26, 2003, appellants again amended their counterclaim, with assistance of counsel, alleging breach of contract relating to lease agreement and monetary damages. On April 9, 2003, appellee filed its "reply" to appellants' amended counterclaim denying all allegations. On July 20, 2004 and October 21, 2004, a trial was held to the bench. On November 24, 2004, the trial court filed its judgment entry ruling in appellee's favor.
 {¶ 4} Appellants now appeal and assign eight errors for our review:
 {¶ 5} "[1.] The court erred when it ruled in favor of the plaintiff for alledged [sic] unpaid water bill.
 {¶ 6} "[2.] The court erred when it ruled in favor of the plaintiff for alledged [sic] minor damages.
 {¶ 7} "[3.] The court erred when it ruled that the defendants failed to establish by a preponderance of evidence that they paid a pet deposit.
 {¶ 8} "[4.] The court erred when it ruled that the defendants failed to establish by a preponderance of evidence that they provided a forwarding address to the plaintiff.
 {¶ 9} "[5.] The court erred when it ruled that the defendants failed to establish their claim of property damage.
 {¶ 10} "[6.] The court erred when it ruled that the defendants failed to establish their claim of reimburtment [sic] of partical [sic] rent.
 {¶ 11} "[7.] The court erred when it ruled in favor of plaintiff for non-return of plaintiff [sic] security deposit.
 {¶ 12} "[8.] The court erred when it decided to rule in favor of plaintiff and was against the manifest weight of evidence."
 {¶ 13} Each of appellants' assignments of error allege, in one form or another, that the findings or conclusions of the trial court are somehow unsupported by or contrary to the weight of the evidence. However, the appellate record does not include a transcript of the trial on which the alleged errors are premised. An appealing party is required to provide a transcript of all proceedings pertinent to its appeal and demonstrate any alleged errors by reference to the record. App.R. 12(A)(2); App.R. 16(A)(7); see, also, Willowood Apartments v. Page (Sept. 6, 1996), 11th Dist. No. 96-L0-03, 1996 Ohio App. LEXIS 3877, at 6, citing Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. Such is necessary as an appellate court is constrained to review only those matters contained in the record before it.Crites v. Crites (Mar. 9, 2001), 11th Dist. No. 2000-P-0001, 2001 Ohio App. LEXIS 1135, at 4, citing Ostrander v.Parker-Fallis Insulation Co. (1972), 29 Ohio St.2d 72, 74. Without some transcript of the trial or some similar acceptable alternative set forth in App.R. 9, a reviewing court will presume the regularity of the lower court's proceedings as well as the validity of its judgment(s). Tonkinson v. Tonkinson (Nov. 3, 1995), 11th Dist. No. 95-T-5235, 1995 Ohio App. LEXIS 4888, at 4.
 {¶ 14} Because appellants failed to include a transcript or agreed statement of the relevant record through which they might demonstrate their alleged errors, we have nothing to pass upon and thus, we have no choice but to presume the validity of the trial court's conclusions. Accordingly, appellants' eight assigned errors are summarily overruled.
 {¶ 15} The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.
Ford, P.J., Toole, J., concur.
[1] While the record does not indicate appellants filed an answer to appellee's complaint, we presume the trial court accepted appellants' pro se counterclaim as a denial of appellee's allegations.