OPINION
{¶ 1} In the instant appeal, submitted on the record and briefs of the parties, appellant, Maurice Lowery, appeals the judgment of the Trumbull County Court of Common Pleas, sentencing him to two years imprisonment following his guilty plea to one count of Having Weapons while Under Disability, a felony of the third degree in *Page 2 
violation of R.C. 2923.13(A)(3) and (B), and ordering that sentence be served consecutively with the previously imposed sentence of thirty-six months in prison for his conviction in federal court on two counts of violating Section 922(g)(1), Title 18, U.S. Code, which makes it "unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year * * * to * * * possess * * * any firearm or ammunition." For the reasons that follow, we affirm the judgment of the lower court.
 {¶ 2} The following facts are not in dispute:
 {¶ 3} On April 12, 2006, a federal grand jury returned a two count indictment in the United States District Court, Eastern Division, charging Lowery with two counts of violating Section 922(g)(1), Title 18, U.S. Code. On June 13, 2006, Lowery pled guilty to these charges in Case Number 4:06CR0182. On September 6, 2006, Lowery was sentenced to a thirty-six month sentence in the Federal Correctional Institution in Elkton, Ohio. These charges arose from an incident occurring on January 28, 2006, in which a federal confidential informant obtained an Intertec 9mm firearm, serial number 04209 from Lowery.
 {¶ 4} Based upon information that the Intertec firearm in Lowery's possession had been stolen, the ATF was notified and began to investigate. On April 6, 2006, the government obtained a search warrant to raid Lowery's home, located at 168 Lyden N.E. in Warren, Ohio. The warrant was executed by both state and federal authorities. This search resulted in the confiscation of a second handgun, a Hi-Point 9mm semiautomatic pistol, serial number P232379, which was found in Lowery's bedroom. *Page 3 
 {¶ 5} On January 5, 2007, the Trumbull County Grand Jury returned a single count indictment, alleging that, on or about April 5, 2006, appellant, "having not been relieved from disability as provided in section 2923.14 of the Revised Code, did knowingly acquire, have, carry or use" a firearm, when he previously had been "convicted of an offense involving the illegal possession, use, sale, administration, distribution or trafficking in any drug of abuse," i.e., Aggravated Trafficking in Drugs, "in Trumbull County Common Pleas Court Case No. 92-CR-758."
 {¶ 6} On May 10, 2007, Lowery pled guilty to the one count of Having Weapons while Under Disability, in violation of R.C. 2923.13(A)(3) 
(B), for his possession of the Hi-Point.
 {¶ 7} On July 5, 2007, Lowery appeared before the trial court for sentencing. The court ordered Lowery to serve a sentence of two years imprisonment on the instant charge, "to be served consecutively with the defendant's federal sentence [in] Case No. 4:06CR018[2]."
 {¶ 8} Lowery timely appealed the trial court's judgment, assigning the following as error for our review:
 {¶ 9} "The trial court erred when it sentenced Maurice Lowery to a consecutive sentence."
 {¶ 10} In support of his sole assignment of error, Lowery asserts that the trial court erred by imposing consecutive sentences, since the federal and state charges were "allied offenses of similar import" under R.C. 2941.25. In essence, Lowery appears to be arguing that the successive prosecutions in both state and federal court, violates his state and federal constitutional rights to be placed "twice * * * in jeopardy for *Page 4 
the same offense." State v. Rance, 85 Ohio St.3d 632, 634, 1999-Ohio-291
(citations omitted). We find no merit to this argument.
 {¶ 11} The double jeopardy clauses of both the United States and Ohio Constitutions protect "an individual against successive punishments as well as successive prosecutions for the same offense." State v.Moore (1996), 110 Ohio App.3d 649, 652 (citations omitted). "Ohio's allied offenses statute, R.C. 2941.25, protects against multiple punishments for the same criminal conduct in violation of the Double Jeopardy Clauses of the United States and Ohio Constitutions." Id. at 653 (citations omitted).
 {¶ 12} "With its multiple-count statute, Ohio intends to permit a defendant to be punished for multiple offenses of dissimilarimport. * * * If, however, a defendant's actions `can be construed to constitute two or more allied offenses of similar import,' the defendant may be convicted (i.e., found guilty and punished) of only one. * * * But if a defendant commits offenses of similar import separately or with a separate animus, he may be punished for both pursuant to R.C. 2941.25(B)." Rance, 85 Ohio St.3d at 636 (citations omitted) (emphasis sic).
 {¶ 13} Lowery claims in his statement of facts that the Federal Indictment charging him with two violations of Section 922(g)(1), Title 18, U.S. Code, were based upon his possession of the Intertec 9mm firearm and ammunition for the Hi-Point firearm.
 {¶ 14} Lowery specifically argues that, since the government had based the second count of his indictment in the federal case on ammunition which allegedly belonged to the Hi-Point firearm, the state's later prosecution, conviction, and additional *Page 5 
sentence for possession of the Hi-Point firearm itself, violated the state's "multiple-count" statute, as well as his constitutional right to be free of multiple punishments for the same crime.
 {¶ 15} Lowery cites to a litany of cases, in both federal and state court, in support of the propositions that, under R.C. 2941.25(A), "the simultaneous possession of weapons by one under disability is but one offense," and that "assuming arguendo that possession of each weapon constituted a separate offense, the offenses would be allied offenses of similar import * * * and * * * the defendant could be convicted of but one offense." State v. Thompson (1988), 46 Ohio App.3d 157, 159
(citation omitted); that, under Sections 922(g)(1) and (g)(3), Title 18, U.S. Code, "the simultaneous possession of multiple firearms generally constitutes only * * * one offense unless there is evidence that the weapons were stored in different places or acquired at different times."United States v. Dunford (C.A.4 1998), 148 F.3d 385, 390 (citations omitted); and that, under Section 922(g)(1), Title 18, U.S. Code, "convictions and sentences for possession of ammunition [for the firearm] and possession of [the] firearm [itself] should [be] merged."United States v. Lewis (C.A.6 1995), 6th Cir. No. 94-6391, 1995 U.S. App. LEXIS 35114, at *6 (citations omitted).
 {¶ 16} The state counters, citing cases that support the proposition that multiple charges contained in an indictment do not constitute allied offenses of similar import, when they were either committed on separate dates, or where they were committed with a separate animus.See e.g., State v. Wayne, 7th Dist. No. 01-CA-94, 2003-Ohio-927, at ¶ 31 (the indictment reflected that each of the three offenses charged were committed on separate dates, thus, were not allied offenses);State v. Polk, 8th Dist. No. 88639, *Page 6 2007-Ohio-4436, at ¶ 15 (offenses occurring on the same day were found not to be allied offenses, since they had a separate animus, i.e., were committed as a series of distinct events with separate victims; other counts were found not to be allied offenses, since they were committed on different dates and by distinct means); State v. Wagner (Dec. 23, 1999), 5th Dist. No. 99CA23, 1999 Ohio App. LEXIS 6363, at *11 (offenses were found not to be allied offenses, since they were committed on different dates and by different means).
 {¶ 17} We should not, and fortunately need not, consider the accuracy of Lowery's or the state's specific claims to resolve this issue, since the record transmitted on appeal does not contain a copy of the federal indictment. See Epling Estates v. Cunningham, 11th Dist. No. 2005-P-0001, 2006-Ohio-1457, at ¶ 13 ("An appealing party is required to * * * demonstrate any alleged errors by reference to the record * * *." Such is necessary as an appellate court is constrained to review only those matters contained in the record before it.") (citations omitted) (emphasis added).
 {¶ 18} Regardless of whether we were to accept Lowery's or the state's factual statements as true, R.C. 2941.25 is simply not applicable, since the statute, by its very terms, applies only to multiple offenses
contained within a single indictment, and the indictment to which Lowery pled guilty and now is challenging contains only a single count. Cf. R.C. 2941.25(A) ("Where the same conduct by defendant can be construedto constitute two or more allied offenses of similar import, theindictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.") (emphasis added); R.C.2941.45(B) ("Where the defendant's conduct constitutes two or moreoffenses of dissimilar import, or where his conduct results in two ormore *Page 7 offenses * * * committed separately * * *, the indictment or information maycontain counts for all such offenses, and the defendant may be convicted of all of them.") (emphasis added).
 {¶ 19} Since the instant case deals with charges, which may or may not be related, but which are contained within separate indictments issued by a state and a federal court, the "dual sovereignty" doctrine governs.State v. McKinney (1992), 80 Ohio App.3d 470, 474 ("The dual sovereignty doctrine is founded on the common-law conception of crime as an offense against the sovereignty of the government. When a defendant in a single act violates the `peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct `offences [sic].'") (citation omitted).
 {¶ 20} Even if we were to accept Lowery's factual contentions as true, it is well-settled that "states are separate sovereigns with respect to the federal government." Id. (citation omitted).
 {¶ 21} "[T]he Supreme Court of the United States has determined that the constitutional prohibition against double jeopardy does not apply to trials by separate sovereigns; therefore, a person may be sentencedfor the same conduct by both a state and a federal government."State v. Dye (May 14, 1993), 3rd Dist. No. 3-92-47, 1993 Ohio App. LEXIS 2520, at *25-*26, citing United States v. Lanza (1922), 260 U.S. 377,382. Moreover, "[t]he legislature of this state has deemed it appropriate for a trial court to have the discretion to impose a sentence consecutive to a sentence imposed by another state or the federal government." Id. at *25, citing R.C. 2929.41(B)(1). Under such circumstances, we conclude the trial court did not err by imposing consecutive sentences. *Page 8 
 {¶ 22} Based upon the foregoing analysis, Lowery's sole assignment of error is without merit. Accordingly, we affirm the judgment of the Trumbull County Court of Common Pleas. Costs to be taxed against appellant.
 CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., concur. *Page 1