OPINION
{¶ 1} Appellants, Darlene and Ernest Nevelos, appeal the judgment entered by the Juvenile Division of the Geauga County Court of Common Pleas. The trial court found appellants' son, Davidjohn P. Nevelos ("Davidjohn"), to be an unruly child and placed him in the temporary custody of Geauga County Job and Family Services ("GCJFS").
 {¶ 2} On June 20, 2007, a complaint was filed by Deputy Deardowski of the Geauga County Sheriffs Office alleging Davidjohn to be an unruly child. The underlying allegation of the complaint was that Davidjohn "did threaten to harm his parents and throw a lamp across the room, contrary to and in violation of R.C. 2151.022(A), Unruly Child."
 {¶ 3} The trial court conducted an initial hearing on July 7, 2007. Appellants and Davidjohn were present at this hearing. The trial court informed Davidjohn about the nature of the complaint. Also, the trial court informed Davidjohn about his right to counsel. Davidjohn requested counsel, and the trial court appointed Attorney Dawn Gargiulo from the Geauga County Public Defender's Office to represent him.
 {¶ 4} Also at this initial hearing, the trial court informed appellants about their right to counsel. Ernest Nevelos made statements indicating that he understood his right to counsel. Then, he expressly waived his right to counsel by informing the trial court that he did not need an attorney. Darlene Nevelos did not respond to the trial court's inquiries regarding her right to counsel.
 {¶ 5} On July 30, 2007, an adjudicatory hearing was held. Davidjohn appeared with Attorney Gargiulo. Appellants appeared but were not represented by counsel. Davidjohn entered a plea of true to the complaint. The trial court accepted the true plea *Page 3 
and found Davidjohn to be an unruly child. Due to difficulties with the audio recording equipment, there is no transcript of this hearing.
 {¶ 6} On August 30, 2007, a dispositional hearing was held. Appellants attended this hearing but were not represented by counsel. Davidjohn appeared with Attorney Gargiulo. The state recommended that Davidjohn be placed in the temporary custody of GCJFS. GCJFS agreed with this recommendation. Appellants were both given an opportunity to address the trial court. Darlene Nevelos stated that she understood the recommendation of the state. Ernest Nevelos stated that he agreed with the recommendation. The trial court placed Davidjohn in the temporary custody of GCJFS.
 {¶ 7} Following the dispositional hearing, appellants retained Attorney Robert Zulandt, Jr. ("Attorney Zulandt") as counsel.
 {¶ 8} On behalf of appellants, Attorney Zulandt has timely filed a notice of appeal of the trial court's judgment entry placing Davidjohn in the temporary custody of GCJFS. This court has held that "an adjudication that a child is unruly, followed by a disposition awarding temporary custody to a public children services agency pursuant to R.C. 2151.353(A)(2) constitutes a final, appealable order." In re Kidd, 11th Dist. No. 2001-L-039, 2002-Ohio-7264, at ¶ 20. Thus, we have jurisdiction to hear this appeal.
 {¶ 9} Since no transcript of the July 30, 2007 adjudicatory hearing exists, appellants moved this court to supplement the record on appeal with an agreed statement of the July 2007 hearing, pursuant to App. R. 9(D). The agreed statement was signed by the assistant prosecutor, Attorneys Gargiulo and Zulandt, and the trial court. This court granted appellants' motion. *Page 4 
 {¶ 10} Appellants raise two assignments of error on appeal. Their first assignment of error is:
 {¶ 11} "The Trial Court erred to the prejudice of Appellants in accepting the waiver of counsel by Juvenile's parents, Appellants Ernest and Darlene Nevelos, without proper assurance that the waiver was knowingly, intelligently, and voluntarily made at the initial appearance in this case, and failed to fully advise said parents of their right to counsel at the adjudicatory hearing and dispositional hearing."
 {¶ 12} As Davidjohn's parents, appellants had a right to counsel pursuant to Juv. R. 4(A), which provides:
 {¶ 13} "Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights arise when a person becomes a party to a juvenile court proceeding. * * * This rule shall not be construed to provide for a right to appointed counsel in cases in which that right is not otherwise provided for by constitution or statute."
 {¶ 14} In addition, R.C. 2151.352 provides, in part:
 {¶ 15} "A child, the child's parents or custodian, or any other person in loco parentis of the child is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152 of the Revised Code. If, as an indigent person, a party is unable to employ counsel, the party is entitled to have counsel provided for the person pursuant to Chapter 120 of the Revised Code except in civil matters in which the juvenile court is exercising jurisdiction pursuant to division (A)(2), (3), (9), (10), (11), (12), or (13); (B)(2), (3), (4), (5), or (6); (C); (D); or (F)(1) or (2) of *Page 5 
section 2151.23 of the Revised Code. If a party appears without counsel, the court shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person. The court may continue the case to enable a party to obtain counsel, to be represented by the county public defender or the joint county public defender, or to be appointed counsel upon request pursuant to Chapter 120 of the Revised Code. Counsel must be provided for a child not represented by the child's parent, guardian, or custodian. If the interests of two or more such parties conflict, separate counsel shall be provided for each of them."
 {¶ 16} The state of Ohio, through Juv. R. 4 and R.C. 2151.352, "provides a statutory right to appointed counsel that goes beyond constitutional requirements." State ex rel. Asberry v. Payne (1998),82 Ohio St.3d 44, 46. In addition to this requirement, parents have a constitutional right to appointed counsel in actions where the state seeks to permanently and involuntarily terminate their parental rights.In re Miller (1984), 12 Ohio St.3d 40, 41, quoting State ex rel. Hellerv. Miller (1980), 61 Ohio St.2d 6, paragraph two of the syllabus. However, it is clear that parents' rights to appointed counsel in "juvenile court proceedings that do not involve termination of parental rights is statutory, and is not derived from the United States or Ohio Constitutions." In re Holt, 10th Dist. No. 03AP-355, 2003-Ohio-5580, at ¶ 14, citing State ex rel. Asberry v. Payne, 82 Ohio St.3d at 46. This is also true when temporary custody of a child is sought. See In reMiller, 12 Ohio St.3d at 41.
 {¶ 17} In this matter, appellants had a statutory right to counsel. However, they did not have a constitutional right to counsel. This distinction is important, due to the differences in the procedural safeguards required to waive the right to counsel. To *Page 6 
waive a constitutional right to counsel, "`an intentional relinquishment or abandonment of a known right'" is required. In re C.S.,115 Ohio St.3d 267, 2007-Ohio-4919, at ¶ 105, citing State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 31. In addition, "there is a strong presumption against waiver of the constitutional right to counsel." Id. at ¶ 105, citing Johnson v. Zerbst (1938), 304 U.S. 458, 464. However, waiver of a statutory right to counsel may occur when an individual is informed about his or her right to counsel but does not take any steps to pursue his or her right to counsel. In re Williams, 10th Dist. No. 03AP-1007, 2004-Ohio-678, at ¶ 13, citing In re Careuthers (May 2, 2001), 9th Dist. No. 20272, 2001 Ohio App. LEXIS 1943 and In re RamseyChildren (1995), 102 Ohio App.3d 168, 169.
 {¶ 18} At the initial hearing, the following colloquy occurred:
 {¶ 19} "THE COURT: Okay. Mr. and Mrs. Nevelos, the Court had also, you folks also have the right to be represented by an attorney throughout these proceedings.
 {¶ 20} "If you wish to obtain an attorney, you can do so. If you're indigent, you make application and if the court determines you are indigent, the Court would appoint an attorney to represent you, but you might be required to reimburse the cost of the attorney.
 {¶ 21} "Do you folks understand that?
 {¶ 22} "MR. NEVELOS: Yes, I understand that. I don't need an attorney.
 {¶ 23} "THE COURT: I just want to make you are aware of your rights.
 {¶ 24} "MR. NEVELOS: Right. I understand that.
 {¶ 25} "THE COURT: Okay.
 {¶ 26} "MR. NEVELOS: I could have brought an attorney in today, right? *Page 7 
 {¶ 27} "THE COURT: Yes, you could have.
 {¶ 28} "All right.
 {¶ 29} "MR. NEVELOS: David John is the one that needs an attorney, not me."
 {¶ 30} This colloquy affirmatively demonstrates that Ernest Nevelos waived his statutory right to counsel. Ernest Nevelos stated he did not need an attorney.
 {¶ 31} We will now address whether Darlene Nevelos waived her statutory right to counsel. The Tenth Appellate District has held "[w]here a mother is notified of her right to counsel, but fails to pursue it, she has not been denied her statutory right to counsel."In re Williams, 2004-Ohio-678, at ¶ 13, citing In re Careuthers, 2001 Ohio App. LEXIS 1943, at *10-11. Darlene Nevelos was informed of her right to counsel at the initial hearing. However, she did not seek an attorney until after the dispositional hearing. As such, her failure to avail herself to her statutory right to counsel at an earlier time constitutes a waiver of that right.
 {¶ 32} Appellants also claim the trial court failed to comply with Juv. R. 29(B), which provides, in part:
 {¶ 33} "At the beginning of the [adjudicatory] hearing, the court shall do all of the following:
 {¶ 34} "* * *
 {¶ 35} "(2) Inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing * * *
 {¶ 36} "(3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel." *Page 8 
 {¶ 37} Appellants argue that the trial court failed to inform them of their rights at the beginning of the adjudicatory hearing.
 {¶ 38} Again, there is no transcript of the adjudicatory hearing. Appellants rely on the App. R. 9(D) agreed statement to show that they were not advised of their right to counsel at the adjudicatory hearing. The agreed statement does not mention whether appellants were, or were not, informed of their right to counsel at the adjudicatory hearing. Instead, the statement is completely silent in regard to this issue.
 {¶ 39} Due to the lack of a transcript of the adjudicatory hearing, an agreed statement was filed pursuant to App. R. 9(D), which provides, in pertinent part:
 {¶ 40} "In lieu of the record on appeal as defined in division (A) of this rule, the parties * * * may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the trial court and setting forth only so many of the facts averred andproved or sought to be proved as are essential to a decision of theissues presented." (Emphasis added.)
 {¶ 41} Pursuant to the plain language of App. R. 9(D), the agreed statement is "only" to contain facts that are "essential" to a determination of the appeal. Thus, an App. R. 9(D) statement is not intended to be a complete recitation of all the proceedings at the trial court.
 {¶ 42} In this matter, appellants did not include any information in the App. R. 9(D) statement as to whether they were informed of their right to counsel. Now, on appeal, they essentially argue that since the App. R. 9(D) statement did not affirmatively state that they were advised of their right to counsel, this court should conclude that they were not advised of their right to counsel. We disagree. If appellants wished to *Page 9 
rely on the App. R. 9(D) statement for this point on appeal, they needed to include the purported fact that they were not informed about their right to counsel at the adjudicatory hearing in the App. R. 9(D) statement. This would have given the other parties and the trial court an opportunity to confirm or dispute appellants' assertion.
 {¶ 43} An appellate court's review is limited to matters contained in the record. Epling Estates v. Cunningham, 11th Dist. No. 2005-P-0001,2006-Ohio-1457, at ¶ 13. (Citations omitted.) "Without some transcript of the trial or some similar acceptable alternative set forth in App. R. 9, a reviewing court will presume the regularity of the lower court's proceedings as well as the validity of its judgment(s)." Id. citingTonkinson v. Tonkinson (Nov. 3, 1995), 11th Dist. No. 95-T-5235, 1995 Ohio App. LEXIS 4888, at *4. In this matter, there is nothing in the record to demonstrate whether appellants were advised of their right to counsel at the adjudicatory hearing. Accordingly, we will presume the regularity of the trial court's adjudicatory proceeding. Id.
 {¶ 44} Moreover, even assuming appellants were not advised of their right to counsel at the adjudicatory hearing, we conclude that appellants are not entitled to reversal on this ground, because the trial court substantially complied with the requirements set forth in Juv. R. 29. The Supreme Court of Ohio has held that juvenile courts are required to substantially comply with Juv. R. 29. In re C.S.,115 Ohio St.3d 267, 2007-Ohio-4919, at ¶ 112. The Second Appellate District has held that a juvenile court may substantially comply with the Juv. R. 29(B) requirements by advising the parties of their rights and explaining the complaint at the initial hearing. In re Pyles, 2d Dist. No. 19354, 2002-Ohio-5539, at ¶ 8-11. *Page 10 
 {¶ 45} In this matter, the trial court covered all of the elements of Juv. R. 29(B) at the initial hearing. The trial court explained the nature of the complaint, informed appellants about the possibility that Davidjohn could be placed in the temporary custody of GCJFS, and advised appellants of their right to counsel. We conclude that the trial court substantially complied with Juv. R. 29.
 {¶ 46} Appellants' first assignment of error is without merit.
 {¶ 47} Appellants' second assignment of error is:
 {¶ 48} "The Trial Court erred to the prejudice of Appellants by ordering temporary custody of the minor child, Davidjohn Paul Nevelos, to the Geauga County Department of Jobs [sic] and Family Services when the complaint against said Juvenile did not contain language stating that temporary custody was sought."
 {¶ 49} Juv. R. 10 provides, in pertinent part:
 {¶ 50} "(A) Any person having knowledge of a child who appears to be a juvenile traffic offender, delinquent, unruly, neglected, dependent, or abused may file a complaint with respect to the child in the juvenile court of the county in which the child has a residence or legal settlement, or in which the traffic offense, delinquency, unruliness, neglect, dependency, or abuse occurred.
 {¶ 51} "* * *
 {¶ 52} "(E) A complaint seeking temporary custody of a child shall state that temporary custody is sought."
 {¶ 53} Appellants argue that the complaint is flawed because it does not contain language indicating that temporary custody is sought. *Page 11 
 {¶ 54} The Seventh Appellate District has addressed a situation where the department filing the complaint was not seeking permanent custody; however, the children's father later sought legal custody. In reKimble, 7th Dist. No. 99 517 CA, 2002-Ohio-2409, at ¶ 35. The Seventh District noted that Juv. R. 10 does not require the complaint to state that temporary custody is not being sought in cases where that is the case. Id.
 {¶ 55} We observe that Juv. R. 10(A) provides that "any person" may file a complaint alleging that a child is an unruly child. (Emphasis added.) Thus, a relative, neighbor, teacher, doctor, or police officer, among others, could file a complaint. Thus, in many circumstances, the person filing the complaint would not have any interest in obtaining temporary custody of the child.
 {¶ 56} In this matter, Deputy Deardowski of the Geauga County Sheriffs Office filed the complaint alleging that Davidjohn was an unruly child. Presumably, neither Deputy Deardowski nor the Geauga County Sheriffs Office sought temporary custody of Davidjohn. Moreover, there is nothing in the record to indicate that, at the time he filed the complaint, Deputy Deardowski had any knowledge that GCJFS would seek temporary custody of Davidjohn. Instead, following the adjudication that Davidjohn was unruly, the state, through the prosecutor's office, and GCJFS recommended that Davidjohn be placed in the temporary custody of GCJFS. There is no evidence in the record that Deputy Deardowski, or anyone else, was "seeking" temporary custody of Davidjohn at the time the complaint was filed. Thus, the requirement set forth in Juv. R. 10(E) was not applicable to this matter. Accordingly, the complaint "does not exhibit *Page 12 
fatal, jurisdictional or procedural defects based on its failure to mention temporary * * * custody." In re Kimble, 2002-Ohio-2409, at ¶ 35.
 {¶ 57} Also, at the initial hearing, the trial court specifically addressed appellants regarding the possibility that the court could place Davidjohn in the temporary custody of GCJFS:
 {¶ 58} "Now, Mr. and Mrs. Nevelos, if the complaint is found to be true, the Court can place orders on parents, and the Court would then place an order on the parents that you would use your best efforts to get your son to do whatever it was the Court would order if the complaint were found to be true.
 {¶ 59} "If the Court found the circumstances warranted, the Court could also place your son into temporary custody of the Geauga County Job and Family Services."
 {¶ 60} Therefore, appellants were specifically informed about the possibility of Davidjohn being placed in the temporary custody of GCJFS. Further, this notification occurred at the initial hearing. Accordingly, any perceived error regarding the failure of the complaint to contain a statement that temporary custody was sought is not prejudicial.
 {¶ 61} Appellants' second assignment of error is without merit.
 {¶ 62} The judgment of the trial court is affirmed.
 DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., concur. *Page 1